**Larry Lamont WHITE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

March 12, 1987.

OPINION AND ORDER GRANTING RECONSIDERATION, VACATING JUDGMENT OF JEFFERSON CIRCUIT COURT AND REMANDING FOR RETRIAL

STEPHENS, Chief Justice.

On December 3, 1986, appellee, the Commonwealth of Kentucky, filed a motion to vacate the final judgment entered March 12, 1985 in the above-styled action, sentencing the appellant, Larry Lamont White, to death for two counts of capital murder, fifteen years for first degree robbery, twenty years for first degree burglary and five years for first degree unlawful imprisonment, and to remand the action to Jefferson Circuit Court for retrial. As would be expected, appellant posed no opposition to appellee's motion and on December 11, 1986, this Court, by motion panel, passed appellee's motion to the merits of the case.

Appellee now asks this Court for reconsideration of the order entered December 11, 1986 in the above-styled action. The Commonwealth argues that the opinion of the United States Supreme Court in *Michigan v. Jackson*, 475 U.S. ——, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), is controlling in appellant's case. In *Jackson*, the United States Supreme Court held that a defendant's post-arraignment statement must be

suppressed where a prisoner has previously requested the assistance of a lawyer. Appellee advises the court that while in jail on charges of unlawful imprisonment and burglary appellant was questioned by police regarding several unsolved homicides under investigation. During the questions, appellant had previously requested and received appointed counsel at his arraignment on the unlawful imprisonment and burglary charges. Appellant was advised of his *Miranda* rights, waived his right to counsel and then made three confessions to the police. Appellant's counsel was not present during the questioning or advised by the police of their intention to question the appellant.

After a careful review of *Jackson* and other controlling authorities and in light of the Commonwealth's announced intention and desire to proceed no further with the above-styled appeal, this Court hereby grants appellee's motion for reconsideration of this Court's order entered December 11, 1986. Appellee's motion to vacate and to remand the above-styled action to Jefferson Circuit Court for retrial is granted.

All concur.